IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ANDREW BLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-889-GBL-MSN |
| | ) | |
| ANDREW S. LERNER, ESQ., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants Andrew S. Lerner, Esq. and Gregory B. Walz, Esq.'s Statement of Costs and Fees (Dkt. No. 99) and Respondent Ernest P. Francis' Opposition to Defendants' Statement of Costs and Fees (Dkt. No. 136). This matter concerns the reasonableness of the attorneys' fees that Defendants seek in connection with the Court imposing sanctions against Mr. Francis, pursuant to 28 U.S.C. § 1927, for multiplying the proceedings unreasonably and vexatiously.

There are three issues before the Court. The first issue is whether the Court lost jurisdiction to award Defendants attorneys' fees, costs, and expenses, where the Court dismissed Plaintiffs claims but indicated its intent to maintain jurisdiction over Plaintiffs' former counsel, Mr. Francis, to impose sanctions. The Court holds that it has subject-matter jurisdiction to impose sanctions against Mr. Francis based on the text of 28 U.S.C. § 1927, the relevant case law, and the procedural posture of this case.

The second issue is whether Defendants reasonably incurred the attorneys' fees they seek and provided adequate documentation. The Court finds that Defendants reasonably incurred the attorneys' fees as a result of Mr. Francis' misconduct from September 30, 2015 (when Mr.

Francis failed to convey Defendants' settlement offer to Plaintiff) through February 2016 (when the Court had resolved substantive motions and the parties completed briefing their cross-motions for sanctions). However, the Court will reduce the overall award by $5,000—from $84,752 to $79,752—because Defendants' provided inadequate documentation for certain fees.

The third issue is whether Defendants reasonably incurred the costs and expenses they seek, and whether Defendants provided adequate documentation. Because the time for one of Defendants' attorneys who traveled from outside the state is compensable, the Court finds that the attorneys' costs and expenses are compensable under 28 U.S.C. § 1927. Further, the Court finds that Defendants provided adequate documentation for the out-of-state attorneys' costs and expenses.

For the reasons stated above and those that follow, the Court will require Mr. Francis to pay $79,752.00 to Defendants for the excess costs, expenses, and attorneys' fees that they reasonably incurred as a result of Mr. Francis' misconduct.

## I. BACKGROUND

The Court previously set forth details concerning the factual and procedural background in the case. (*See* Dkt. Nos. 113 & 134). This opinion focuses only on those facts pertinent to the reasonableness of Defendants' costs, expenses, and attorneys' fees.

Plaintiff Andrew Blowers, through counsel, filed a Complaint against Defendants Andrew S. Lerner, Esq. and Gregory B. Walz, Esq. (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Dkt. No. 1.) Defendants were represented by John Altmiller and Joshua Morehouse of Pesner Kawamoto, PLC, and by *pro hac vice* counsel Manuel Newburger (collectively, "Defense Counsel").

Plaintiff's Complaint in federal court concerned allegations that Defendants improperly sought to collect a debt in a state court action. (*See id.* ¶¶ 7-9.) On October 9, 2014, Defendants filed suit against Plaintiff in the Fairfax County Circuit Court to recover a debt of approximately $40,000 owed on Plaintiff's credit card. (*Id.* ¶¶ 27-28.)

In this case, Plaintiff filed the Complaint against Defendants on July 9, 2015. (Dkt. No. 1.) The Complaint alleged that Plaintiff incurred $50,000 in actual and statutory damages, and the allegations primarily stemmed from Defendants' purported failure to properly serve Plaintiff with a summons before seeking default judgment in the debt collection action. (*See id.*) On December 24, 2015, Defendants moved for the admission *pro hac vice* of attorney Manuel H. Newburger. (Dkt. No. 39 at 1.) Despite Plaintiff's opposition to the *pro hac vice* application, the Court granted Mr. Newburger's *pro hac vice* application on December 30, 2015. (Dkt. Nos. 46, 47.) On January 12, 2016, at Plaintiff's deposition, he agreed to a settlement agreement in which Plaintiff agreed to dismiss with prejudice his claims in this Court and his counterclaim in the Fairfax County Circuit Court case. (*See* Dkt. Nos. 56-1, 89-1.) During the deposition hearing, Plaintiff also discharged Mr. Francis as counsel after learning that Defendants made an offer of settlement through Mr. Francis, which he not convey to Plaintiff. (*See* Dkt. No. 89-1.)

The day after the deposition, Mr. Francis filed a Motion to Withdraw as Counsel. (Dkt. No. 56.) In Defendants' response, they did not challenge the withdrawal as counsel but requested that the Court retain jurisdiction over Mr. Francis for alleged attorney misconduct. (Dkt. No. 61.) On January 29, 2016, the Court granted the Motion to Withdraw as Counsel and retained jurisdiction over Mr. Francis. (Dkt. No. 65.)

Mr. Francis previously filed a Motion for Sanctions Under Rule 11 (Dkt. No. 74), in which he asserted that Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Dkt. No.

3

69) is frivolous. On February 19, 2016, the Magistrate Judge held a two-hour hearing. (*See* Dkt. No. 97 at 12.) On August 31, 2016, the Court issued a Memorandum Opinion and Order adopting the Magistrate Judge's recommendation, granting Defendants' Motion for Sanctions, and denying Mr. Francis' Motion for Sanctions. (Dkt. No. 113.) Defendants requested a total of $89,177.57 for attorneys' fees, various expenses, and costs. (*See id.*) Based on the calculations provided in the affidavit of a non-party attorney, Mikhael Charnoff, the Court awarded Defendants a total $84,752.00. The Court broke down that amount as follows:

| Counsel | Hours | Hourly Rate | Fees and Costs |
|---|---|---|---|
| Mr. Newburger | 124.4 | $400.00 | $48,160.00 |
| Mr. Altmiller | 87 | $385.00 | $33,495.00 |
| Pesner Kawamoto, PLC (for work performed by Associate Mr. Morehouse) | 16.3 | $190.00 | $3,097.00 |
| **Total** | | | **$84,752.00** |

(Dkt. No. 113 at 25.)

At that point, Mr. Francis had not asserted any substantive arguments about the unreasonableness of the fees, expenses, or costs sought by Defendants, even though Mr. Francis had months to make such arguments. Contemporaneous with issuing the Memorandum Opinion on August 31, 2016, the Court entered the initial Final Judgment in favor of Defendants and against Mr. Francis in the amount of $84,752.00. (Dkt. No. 114.)

On September 28, 2016, Mr. Francis moved to vacate the Final Judgment. (Dkt. No 116.) The Court denied Mr. Francis' Motion to Vacate based on the ground that the Court erred in concluding that Plaintiff would have accepted Defendants' settlement offer in September 2015. However, the Court granted in part Mr. Francis' Motion to Vacate to provide an opportunity for Mr. Francis to challenge the reasonableness of Defendants' attorneys' fees and costs. On August 4, 2017, Mr. Francis filed his Opposition to Defendants' Statement of Fees and

4

Costs. (Dkt. No. 136.) On August 11, 2017, Defendants filed a reply. (Dkt. No. 138.)

## II. DISCUSSION

### A. Standard of Review

Pursuant to 28 U.S.C. § 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Fourth Circuit has established a three-step process for calculating attorneys' fees. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, a district court "must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *McAfee*, 738 F.3d at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). Second, "the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *McAfee*, 738 F.3d at 88. Third, "the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the [litigant].'" *Id.*

### B. Analysis

Each of the three major issues before the Court is addressed in turn. First, the Court holds that it has jurisdiction to impose sanctions against Mr. Francis pursuant to 28 U.S.C. § 1927. Second, the Court finds that Defendants reasonably incurred attorneys' fees as a result of Mr. Francis' misconduct, but the Court will reduce the overall award by $5,000 because of inadequate documentation. Third, the Court finds that Defendants reasonably incurred the costs and expenses they seek and finds that Defendants provided adequate documentation for those costs and expenses.

*1. Jurisdiction to Award Attorneys' Fees*

The Court holds that it continues to have jurisdiction to award attorneys' fees, costs, and expenses to Defendants pursuant to 28 U.S.C. § 1927.

Mr. Francis contends that the Court lost jurisdiction to impose sanctions against him because the Court's January 29, 2016 Order—which granted his motion to withdraw as counsel—stated that the Court would retain jurisdiction over Mr. Francis for 180 days. Mr. Francis argues that once the 180 days expired the Court lacked jurisdiction to enter the initial Final Judgment on August 31, 2016, and he also argues that the Court lacks jurisdiction at this juncture. The only legal authority upon which Mr. Francis relies is two criminal cases which generally stand for the proposition that subject-matter jurisdiction can never be forfeited or waived. *See United States v. Hartwell*, 448 F.3d 707, 715 (4th Cir. 2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The Court holds that it has subject-matter jurisdiction to impose § 1927 sanctions for at least four reasons. *First*, the text of 28 U.S.C. § 1927 does not place any time limitation on the Court's ability award attorneys' fees, expenses, or costs. *Second*, although it appears the Fourth Circuit has not addressed the issue, at least two circuit courts have held that § 1927 sanctions are not untimely even if they are sought or imposed *after* final judgment. *See Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). Logically, it follows that a court may impose § 1927 sanctions contemporaneous with final judgment, as the Court does today. *Third*, this Court has inherent authority to amend its own orders, and when the Court entered the "Agreed Order to Dismiss" Plaintiff's claim on September 6, 2016, the Court expressly stated that Defendants' § 1927 motion would remain pending. (*See* Dkt. No. 115.) *Fourth*, maintaining jurisdiction over Mr. Francis is appropriate in

this case, considering that: (i) at the June 9, 2016 motion hearing to consider § 1927 sanctions and other matters, the Court indicated to Mr. Francis that he would have an opportunity to dispute the reasonableness of Defendants' attorneys' fees; and (ii) having that opportunity was one of reasons Mr. Francis filed a motion to vacate the initial Final Judgment.

For the foregoing reasons, the Court has subject-matter jurisdiction to impose § 1927 sanctions. The remaining issue is whether the attorneys' fees, expenses, and costs requested by Defendants are recoverable.

*2. Attorneys' Fees That Defendants Reasonably Incurred*

The Court finds that Defendants reasonably incurred attorneys' fees as a result of Mr. Francis' misconduct, but the Court will reduce the overall award by $5,000.00 because of inadequate documentation.

The first step in calculating an attorneys' fee award involves determining the "lodestar" figure by "multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir.2009)). There is a "strong presumption" that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *McAfee*, 738 F.3d at 88–89.

Here, although Mr. Francis has challenged the hours that Defense Counsel has reasonably expended, Mr. Francis has not challenged the hourly rates for Defense Counsel. Defendants supported the reasonableness of their attorneys' hourly rates with affidavits from Mr. Altmiller, Mr. Newburger, and Mr. Charnoff. Mr. Charnoff attested to the reasonableness of the hourly

rates based on his own experience, his review of the case record, the Laffey Matrix, the Vienna Metro Matrix, and relevant case law. Based upon the evidence before the Court, and for the reasons stated in this Court's previous Memorandum Opinion (*see* Dkt. No. 113 at 23–27), the Court finds that Defense Counsel's hourly rates are reasonable. Therefore, the reasonable hourly rates are as follows.

| Counsel | Hourly Rate |
| --- | --- |
| Mr. Newburger | $400.00 |
| Mr. Altmiller | $385.00 |
| Mr. Morehouse (Associate at Pesner Kawamoto, PLC) | $190.00 |

Mr. Francis does, however, contend that attorneys' fees for unreasonable time expended by Defense Counsel are not recoverable for five reasons.

*First*, Mr. Francis contends that Defendants are not entitled to "secondary fees" for litigating about fees. Specifically, Mr. Francis argues that even if he engaged in misconduct, such conduct ended on January 12, 2016, when Plaintiff discharged Mr. Francis at a deposition. Mr. Francis therefore contends that Defendants are not entitled to any attorneys' fees after January 12, 2016. However, Mr. Francis has not offered any binding authority to support that contention and the nonbinding authority upon which he relies is distinguishable.

The Supreme Court recently considered a federal court's inherent authority to sanction a litigant for bad-faith conduct in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017). The *Goodyear* Court held that when a federal court exercises its inherent authority to sanction bad-faith conduct by ordering a litigant to pay the other side's legal fees, the award is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred "but for" the bad faith. *See id* at 1183–84. The *Goodyear* Court also compared inherent authority to statutory authority in fee shifting statutes. In doing so, the Goodyear Court stated *in dicta* that "under 28 U.S.C. § 1927,

a court may require an attorney who unreasonably multiplies proceedings to pay attorney's fees incurred 'because of' that misconduct." *See id.* at 1187 n.5.

Here, the Court finds that the general time period for which Defendants seek attorneys' fees is appropriate. This litigation commenced in July 2015. The Court adopted the Magistrate Judge's March 2016 Report and Recommendation by award fees beginning on September 30, 2015, when Mr. Francis failed to convey Defendants' settlement offer to Plaintiff. The Court finds that all litigation from September 30, 2015 through January 12, 2016 resulted from Mr. Francis' misconduct for the reasons stated in this Court's previous Memorandum Opinion (Dkt. No. 113) and because the case should have ended by September 2015 (at the latest). The Court further finds that Defendants need to engage in motions practice from January 2016 through February 2016 was also the result of Mr. Francis' misconduct. After Plaintiff discharged him, Mr. Francis' motion to withdraw as counsel included attacks against Mr. Newburger (Dkt. No. 56), and even after discharged, Mr. Francis filed three motions in February 2016 (Dkt. Nos. 66, 74, 78), all of which the Court denied. Under the circumstances of this case, Defendants' would not have incurred attorneys' fees through February 2016 but for Mr. Francis' misconduct. This Court need not address whether to award attorneys' fees for after February 2016 because Defendants have not sought such fees.

*Second*, Mr. Francis contends that because the defense team was overstaffed, no fees are recoverable for the services of Mr. Newburger. Pursuant to *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a district court should exclude from this initial fee calculation hours that were not "reasonably expended." *Id.* at 434. Here, the Court generally finds that Mr. Newburger's hours were reasonably expended; the Court declines to swing a hatchet by cutting all of Mr. Newburger's time when a scalpel is more appropriate. Furthermore, Defendants' Statement of

9

Fees and Costs, along with the exhibits attached thereto, describe how Defense Counsel created a division of labor in this case to avoid duplicative efforts.

*Third*, Mr. Francis contends that certain attorneys' fees totaling $5,671 are unreasonable because Defense Counsel spent that time: (1) opposing a motion for extension; (2) preparing a motion for Rule 11 sanctions; (3) preparing a motion for partial summary judgment; and (4) consulting with Colorado bar counsel. The Court finds that Defense Counsel reasonably expended time handling these tasks and Defendants would not have incurred fees for these tasks—all of which occurred between September 2015 and February 2016— but for Mr. Francis' misconduct.

Further, even though Defendants were unsuccessful in opposing the motion for an extension and in moving for partial summary judgment, a reduction in attorneys' fees is unwarranted. On the one hand, one of the twelve factors that courts consider when evaluating the reasonableness of attorneys' fees is "the amount in controversy and the results obtained." *See McAfee*, 738 F.3d at 88 n.5. On the other hand, when a litigant has obtained excellent results, an attorney should recover a fully compensatory fee that is not "reduced simply because the [litigant] failed to prevail on every contention raised in the lawsuit." *See Hensley*, 461 U.S. at 435. Here, the Court finds that Defense Counsel obtained excellent results on behalf of Defendants by swiftly resolving Plaintiff's claims and finds that reducing the fee award is unwarranted.

*Fourth*, Mr. Francis contends that Defendants' are not entitled to attorneys' fees for Mr. Newburger's travel time. In *Matter of Maurice*, 69 F.3d 830 (7th Cir. 1995), the district court sanctioned attorney Kenneth Kozel because Kozel filed and then continued to pursue an appeal of his client's claims without his client's authorization. *Id.* at 833. The Seventh Circuit upheld

the imposition of sanctions and quoted the district court in noting that "Kozel had a duty to communicate with his client and abide by his decision not to pursue an appeal." *Id.* The Seventh Circuit's following analysis regarding the legislative history and logic for compensating attorneys for travel time pursuant to 28 U.S.C. § 1927 is instructive:

> The statute authorizes a court to require an offending attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." . . . [I]f the question is whether travel expenses are "costs." In 1968, when we decided *Kiefel,* § 1927 authorized only cost-shifting. "Costs" is a technical term that courts are not authorized to enlarge. . . . In response to *Roadway Express, Inc. v. Piper,* 447 U.S. 752 [] (1980), which held that § 1927 was limited to the "costs" defined in 28 U.S.C. § 1920, Congress amended § 1927 to cover expenses and attorneys' fees in addition to costs. Kozel ignores this amendment. Outlays for getting to Chicago and back are "expenses" whether or not they are "costs". . . . Attorneys customarily charge their clients for time on an opportunity-cost basis. Statutes authorizing compensation for attorneys' fees therefore permit compensation for travel time. . . . A trip to Chicago that diverts time from other paying engagements would justify Dornik's lawyer sending him a bill; and if Dornik must pay his own lawyer for time, then under § 1927 the court may shift these fees to the person whose misconduct caused them to be incurred.

*Matter of Maurice,* 69 F.3d at 834; *see also Morris v. Adams-Millis Corp.,* 758 F.2d 1352, 1357 n.7 (10th Cir. 1985) (describing legislative history of 28 U.S.C. § 1927).

Here, Mr. Newburger's affidavit indicates that traveling from Texas to Virginia on two occasions precluded him from working on other cases. (*See* Dkt. No. 99-2 at 8–9.) Mr. Newburger's affidavit also reflects that he has a longstanding relationship with Defendants' law firm, and his time records reflect that he billed at half his hourly rate when traveling. For these reasons, the Court finds Defendants reasonably incurred attorneys' fees for Mr. Newburger's travel time because of Mr. Francis' misconduct.

*Fifth,* Mr. Francis contends that Defense Counsel's time entries concerning communications without any description of purpose or content are not recoverable. Specifically, Mr. Francis challenges 17 time entries totaling $4,400.00 for Mr. Newburger and 32 times

11

entries totaling $20,108.50 for Mr. Altmiller.[1] In *Hensley*, the Supreme Court held that where the documentation of hours is inadequate, the district court may reduce the award accordingly. 461 U.S. at 433. "Lumping" and other types of inadequate documentation are a proper basis for reducing a fee award where they prevent an accurate determination of the reasonableness of the time expended in a case. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 777 (E.D. Va. 2013) (Payne, J.). The reduction "can be accomplished in one of two ways: (i) by identifying and disallowing specific hours that are not adequately documented, or (ii) by reducing the overall fee award by a fixed percentage or an amount based on the trial court's familiarity with the case, its complexity and the counsel involved." *Id.* (citation and internal quotation marks omitted).

Here, the Court finds that it is appropriate to reduce Defendants' attorneys' fee award because some of the documentation is inadequate, and because Defendants' reply brief does not provide any additional details beyond what is listed in the exhibits to their Statement of Fees and Costs.[2] The Court will reduce Defendants' attorneys' fee award based on inadequate documentation in the following time entries.

---

[1] It appears that some the time entries that Mr. Francis challenges based on insufficient documentation (the fifth contention) overlaps with some of the time entries that Mr. Francis challenges based on the task itself being unreasonable (the third contention). Because of how the Court has resolved both contentions, the Court is not reducing the same time entries based on different grounds—or to put if differently, the Court is not double penalizing Defendants.

[2] The Court notes that although certain time entries are short, the Court can glean additional details about the nature and purpose of the time expended by comparing the timeline of entries with the timeline of motions filed in this case.

| Mr. Altmiller and Firm | Amount | Time Entry |
|---|---|---|
| 10/9/2015 | $115.50 | Email Bob Thuotte |
| 1/18/2016 | $192.50 | Email Francis; email client and Manny |
| 1/19/2016 | $154.00 | Draft letter to Francis |
| 2/10/2016 | $115.50 | Telephone Manny Newburger |
| 2/22/2016 | $158.00 | Email Francis; telephone MNH |
|  | **$735.50** | **Subtotal** |
| **Mr. Newburger** | **Amount** | **Time Entry** |
| 10/6/2015 | $400.00 | Call to John Altmiller |
| 12/11/2015 | $120.00 | Ret'd call from Paul. Responded to Texts from Bob/ |
| 12/27/2015 | $560.00 | Research on federal rules and case law regarding document subpoenas to non-parties. Email to Paul and Bob |
| 12/29/2015 | $680.00 | Review and analysis of documents from Daryl |
| 1/4/2016 | $80.00 | Talk to Manny re: issues |
| 1/4/2016 | $520.00 | Call from John Altmiller |
| 1/15/2016 | $240.00 | Call from Paul |
| 1/15/2016 | $200.00 | Conversation with Kim Ikelar. Colorado ethics enforcement attorney re: Francis' motion |
| 1/15/2016 | $80.00 | Call from Paul |
| 1/15/2016 | $480.00 | Call with John Altmiller |
|  | **$3,360.00** | **Subtotal** |
|  | **$4,095.50** | **Total** |

In addition the time entries totaling $4,095.50 above, which provide inadequate documentation as a whole, there are portions of other time entries that provide inadequate documentation. Therefore, the Court will reduce the overall attorneys' fee award by $1,000.00 for Mr. Altmiller and his firm, and by $4,000.00 for Mr. Newburger—for a total reduction of $5,000.00.

Separately, courts in the Fourth Circuit generally consider twelve factors enumerated in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine the reasonableness of attorneys' fees. *See McAfee*, 738 F.3d at 88 n.5.

13

Those factors are:

(1) the time and labor expended;
(2) the novelty and difficulty of the questions raised;
(3) the skill required to properly perform the legal services rendered;
(4) the attorney's opportunity costs in pressing the instant litigation;
(5) the customary fee for like work;
(6) the attorney's expectations at the outset of the litigation;
(7) the time limitations imposed by the client or the circumstances;
(8) the amount in controversy and the results obtained;
(9) the experience, reputation and ability of the attorney;
(10) the undesirability of the case within the legal community in which the suit arose;
(11) the nature and length of the professional relationship between attorney and client; and
(12) attorney's fees awards in similar cases.

*Id.* at 88 n.5 (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

Here, the Court finds that none of factors not already subsumed in the lodestar analysis above warrant enhancing or reducing the attorneys' fee award.

After determining the lodestar figure, the second step in calculating an attorneys' fee award involves "subtract[ing] fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88. This case is in an unusual posture because Defendants successfully resolved Plaintiff's claims, they did so through a settlement, and they now seek attorneys' fees pursuant to 28 U.S.C. § 1927 (as opposed to a civil rights statute that awards attorneys' fees to plaintiffs). In any event, because Defendants were successful in convincing Plaintiff to dismiss all his claims, the Court finds that none of Defendants' attorneys' fees should be subtracted for hours spent on unsuccessful claims.

The third step in calculating an attorneys' fee award involves awarding "some percentage of the remaining amount, depending on the degree of success enjoyed by the [litigant]." *McAfee*, 738 F.3d at 88. Here, because Defendants essentially achieved total success in resolving Plaintiff's claims, the Court finds that no portion of Defendants' attorneys' fees should be

14

reduced based on the degree of success.

In sum, the Court rejects four out of five contentions asserted by Mr. Francis. However, the Court will reduce the attorneys' fee award by $5,000.00 because of inadequate documentation for those attorneys' fees.

### 3. Costs and Expenses That Defendants' Reasonably Incurred

The Court finds that Defendants reasonably incurred costs and expenses as a result of Mr. Francis' misconduct, and finds that reducing the award for costs and expenses is unwarranted for either of the two reasons that Mr. Francis asserts.[3]

As stated above, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess *costs*, *expenses*, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927 (emphasis added).

Here, Mr. Francis first contends that Defendants are not entitled to recover $2,105.73 in travel expenses for Mr. Newburger. Mr. Francis' contention is premised on the arguments addressed above—*i.e.*, that Defendants are not entitled to any award for Mr. Newburger's time. For the reasons stated above, the Court finds that Mr. Newburger's time is compensable and resulted from Mr. Francis' misconduct. Moreover, the Court finds that the amount of expenses for traveling to Virginia twice is reasonable.

Mr. Francis' second contention is that costs without documentation for Mr. Altmiller are not recoverable. Specifically, Mr. Francis asserts that Mr. Altmiller has not provided invoices or receipts for $1,572.35 described as "Transcript/Deposition Fees" or $1,274.50 described as

---

[3] Although Defendants' Statement of Fees and Costs categorizes certain items as "costs," they are more accurately categorized as "expenses" for purposes of 28 U.S.C. § 1927. In any event, these labels do not change the Court's analysis because both costs and expenses are recoverable under § 1927.

"Clerk of Court Fee for printing." In their reply, Defendants point to invoices that Mr. Altmiller's law firm sent to Defendants' law firm with those two amounts. (*See* Dkt. No. 138 at 6; Dkt. No. 99-1 at 19.)

Mr. Francis has not offered any legal authority to support the proposition that receipts from the clerk's office and transcription company are necessary. Further, the Court is not aware of any statute or case imposing such requirement. The Court finds that the evidence in the record is sufficient to award Defendants those costs for four reasons. The first reason is that the amounts themselves are reasonable. The second reason is that Mr. Altmiller provided an invoice. The third reason is that it is undisputed that Defense Counsel deposed Plaintiff; the transcript is in the court record, and it logically follows that there would be some expense associated with taking the deposition. The fourth reason is that Mr. Altmiller, a licensed attorney, provided a sworn declaration attesting to the charges listed in the invoice attached to the Statement of Costs and Fees.

In sum, the Court finds that Defendants reasonably incurred costs and expenses as a result of Mr. Francis' misconduct. The Court also declines to reduce the amount of costs and expenses based on either of Mr. Francis' two contentions.

### III. CONCLUSION

The Court has jurisdiction to impose sanctions against Mr. Francis pursuant to 28 U.S.C. § 1927. With the exception of reducing the total award by $5,000 for inadequate documentation of certain attorneys' fees, the Court finds that Defendants reasonably incurred the costs, expenses, and attorneys' fees they seek as a result of Mr. Francis' misconduct in violation § 1927.

The breakdown of the total award to Defendants is follows:

| Counsel | Hours | Hourly Rate | Fees, Costs, Expenses | Reduction | Adjusted Amount |
|---|---|---|---|---|---|
| Mr. Newburger | 124.4 | $400.00 | $48,160.00 | - $4,000.00 | $44,160.00 |
| Mr. Altmiller | 87 | $385.00 | $33.495.00 | - $1,000.00 | $32.495.00 |
| Pesner Kawamoto (for work performed by Associate Mr. Morehouse) | 16.3 | $190.00 | $3,097.00 | | $3,097.00 |
| Total | | | $84,752.00 | | $79,752.00 |

Accordingly, it is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1927, the Court requires Respondent Ernest P. Francis, former counsel for Plaintiff Andrew Blowers, to pay Defendants Andrew S. Lerner and Gregory B. Walz a total of **$79,752.00** for the excess costs, expenses, and attorneys' fees reasonably incurred by Defendants as a result of Respondent Francis' misconduct.

**IT IS SO ORDERED.**

ENTERED this 14th day of September, 2017

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge